UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARY C.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. C21-5488-BAT

**ORDER REVERSING AND REMANDING FOR RECALCULATION OF BENEFITS**

Plaintiff appeals[1] the Appeals Council's finding that her Washington State lump sum permanent partial disability (PPD) benefits constitute "periodic benefits" that offset her disability insurance benefits (DIB) under 42 U.S.C § 424a(a). *See* Dkt 29.

Plaintiff received PPD workers compensation benefits under Washington State law. Shortly after receiving a second PPD award, the ALJ found Plaintiff disabled. The ALJ calculated Plaintiff's DIB benefits finding under Washington law, Plaintiff's PPD benefits were not "periodic benefits" that are subject to a § 424a(a) offset. Tr. 17-18. The Appeals Council reversed citing the Administration's policy that lump sum Washington State PPD payments are subject to offset. The Appeals Council consequently applied an offset to the time period between

---

[1] Because the Court grants Plaintiff the relief requested, the optional reply brief need not be filed.

ORDER REVERSING AND REMANDING FOR RECALCULATION OF
BENEFITS - 1

April 2014 and September 2014, and reduced Plaintiff's DIB benefit amount for the period to $379.00. Tr. 6-7.

While there is no dispute that under 42 U.S.C. § 424a(a), DIB benefits are reduced when a claimant receives "periodic benefits" from the state, the parties debate whether Washington PPD payments constitute "periodic benefits." The Court has no binding precedent to apply to resolve this debate.

The Commissioner argues the state PPD Plaintiff received are "periodic benefits" because the plain language of § 424a(a) requires an offset and the Commissioner's policies establish Washington PPD is a periodic benefit. The Commissioner contends the statute plainly subjects all forms of PPD to offset. But the only Ninth Circuit decision of precedential value is at odds with this contention and indicates the language of § 424a(a) is not plain in that it does not apply uniformly to all states' benefits. In that decision, the Court addressed § 424a(a) by relying on an Oregon Supreme Court decision "emphasiz[ing] that 'the legislature intended workers' compensation benefits to provide wage replacement.'" *Hodge v. Shalala*, 27 F.3d 430, 433 (9th Cir. 1994) (quotation omitted).

The Court thus examines Washington state law interpreting the language and legislature's intent behind Washington PPD benefits. Courts in the Eastern and Western Districts of Washington have analyzed relevant Washington state case law and have reached different results. In *Olson v. Colvin*, 31 F. Supp. 3d 1176, 1180 (E.D. Wash. 2014) and *Wheatley v. Colvin*, No. C14-0346-RHW, 2016 WL 447610 (E.D. Wash. Feb. 4, 2016) the court held Washington PPD benefits were not subject to a § 424a(a) offset because Washington's law "serves a dual purpose and it is not designed solely to compensate for the economic loss of earning capacity." *Wheatley* at *4.

However, in *Kreutner v. Astrue*, No. C09-5676-JRC, 2010 WL 2376182 (W.D. Wash. Jun. 8, 2010) and *Sutton v. Colvin*, No. C14-1734-JPD, (W.D. Wash. Jul. 16, 2015) the court held the § 424a(a) offset applied even though "Washington law, unlike the Oregon scheme, specifically does not measure permanent partial disability by the loss of earning power." *Kreutner*, at *3. The Ninth Circuit reversed the District Court's decision in *Sutton* holding a "Washington state permanent partial disability award was not a periodic benefit subject to offset." *Sutton v. Berryhill*, 677 F. App'x 341 (9th Cir. 2017). The Ninth Circuit held § 424a(a)'s offset was inapplicable because "[u]nder Washington law," unlike Oregon law, "an award of workers' compensation benefits for permanent partial disability is not wage compensation intended to cover a claimant's lost earning capacity." *Id*. at 342 (citations omitted).

The Commissioner argues Courts have misread *Hodge* and the Ninth Circuit decision in *Sutton* is not binding and wrongly decided. But even an unpublished opinion has persuasive value, Fed. R. App. P. 32.1, and while *Sutton* does not bind the Court, the Court is persuaded by its interpretation of Washington state case law and its conclusions. The issue of whether Washington PPD is subject to offset was also more recently addressed in *Tina C. v. Commissioner of Social Security*, No. C19-5735-MLP, 2020 WL (W.D. Wash. Jan. 9, 2020). The Court agrees with the analysis and conclusion reached in the *Tina C.* decision that Washington state PPD are not "periodic benefits" that are subject to offset under § 424a(a) and adopts and incorporates the decision's analysis in concluding the Commissioner in this case erred by reducing Plaintiff's disability benefits based upon her Washington state PPD award.

For the foregoing reasons, the Court REVERSES the Commissioner's final decision and REMANDS the case for recalculation of benefits under sentence four of 42 U.S.C. § 405(g).

DATED this 20th day of May, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge